UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CITIMORTGAGE, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-cv-1675 SNLJ |
| ) | |
| **PMC BANCORP,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant PMC BANCORP's Motion to Enforce Mediated Settlement against plaintiff CITIMORTGAGE, INC. ("CMI") (#73).

**I.    Background**

Plaintiff CMI had a long history of purchasing residential mortgage loans from defendant PMC. The parties conducted business together pursuant to a series of contracts that the parties refer to as the "Lease/Purchase Agreement" or "LPA."

CMI's complaint alleges that PMC sold loans to CMI that did not meet — or as to which PMC did not meet — various requirements under the LPA, and that CMI was damaged as a result. CMI claims that PMC is required to indemnify CMI under the LPA for its losses. CMI claims breach of contract and seeks damages and specific performance of PMC's obligations.

After this lawsuit was filed, the parties entered into Alternative Dispute Resolution and engaged in a series of mediation sessions. The parties reported that they had reached a settlement on February 29, 2012 (#59). The parties' agreement in mediation was memorialized in a handwritten document that was signed by both parties on February 24, 2012 (the "Mediation Terms"). Subsequently, the parties attempted to prepare a final, written settlement agreement

pursuant to the Mediation Terms, but they have been unable to agree on the terms of that document.

On October 17, 2012, defendant PMC filed the instant Motion to Enforce Mediated Settlement (#73).  Plaintiff filed a motion for summary judgment and opposes the Motion to Enforce on the grounds that the Mediation Terms is not an enforceable contract.

**II.    Discussion**

The handwritten February 24, 2012 Mediation Terms provides the amounts PMC agreed to pay CMI for its claims.  The document also states,

> This Agreement is a mediated settlement agreement setting out the essential terms of the [settlement agreement] which is binding upon the parties, who will execute a formal agreement within days [a numeral is marked out] March 24.

Despite that language in the Mediation Terms, the execution of such a formal agreement has not yet occurred.  PMC states that the Mediation Terms provide that this Court has jurisdiction to resolve disputes, and that the Court should enforce the terms of the settlement.

Meanwhile, plaintiff CMI wants this Court to hold that the Mediation Terms are unenforceable and allow it to proceed on summary judgment.  Plaintiff CMI's memorandum provides a history of the parties' negotiation of the "formal agreement" that followed the February 24, 2012 agreement on "Mediation Terms."  Essentially, CMI states that the parties could not agree on formal language related to two critical terms.  Those terms are as follows:

- The "**Stipulated Judgment Term**," which sets out the process by which CMI may seek cure of any payment default by PMC, and, failing cure by PMC, how may seek stipulated judgment.  The handwritten Terms state, "If a missed payment, 25 days notice of default, 25 days to cure.  If no cure, upon x-parte notice (5 business days) for the entry of the stipulated judgment in the amount of

2

> $[amount redacted by the Court], less all payments." The terms reflect that CMI sought to give only 72 hours notice, but that time period was stricken, and the parties agreed to five business days.

- The "**Indemnity Term**," which states that the "indemnity in LPA survives" (amid other stricken language).

Plaintiff contends that because the parties were unable to agree on language going to these two terms in the final agreement, the parties never had an agreement in the first place, and there is thus nothing for this Court to enforce.

Indeed, "contract law governs the question of whether the parties entered into an enforceable settlement agreement." *St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc.*, 301 S.W.3d 549, 551 (Mo. Ct. App. 2009) (citing *Emerick v. Mutual Benefit Life Ins. Co.*, 756 S.W.2d 513, 518 (Mo. banc 1988)). The "essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation." *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008) (Missouri law) (quoting *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)). "The moving party (here, the defendant[]) must prove the existence of the agreement by clear, convincing and satisfactory evidence." *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007) (internal quotation omitted).

Defendant argues that an enforceable agreement exists because the Mediation Terms are signed by both parties, the mediator reported that the parties had settled, and that the statute of frauds did not require that the final agreement be created. Plaintiff, however, contends that there was no mutuality or meeting of the minds because defendant and plaintiff failed to agree on the Indemnity and Stipulated Judgment Terms in the formal agreement. As proof, plaintiff submits

3

the "formal agreement" drafts traded by the parties and provides a play-by-play of the negotiation.  Plaintiff offered drafts to defendant that included (1) that the indemnity obligations under the original Agreement survive, and (2) the process by which plaintiff could obtain stipulated judgment in the event of a default, both in accordance with the Mediation Terms.  Defendant sought to limit the indemnity and change the process by which plaintiff could obtain stipulated judgment.

Defendant PMC does not address CMI's argument.  Defendant does not even attempt to explain its positions as characterized by plaintiff.  Rather, defendant primarily discusses the Statute of Frauds, which is a non-issue, and argues that both it and plaintiff are in breach of the contract by refusing to execute a formal agreement.  Defendant states that it is "ready, willing, and able to perform under the payment terms of the mediated settlement." (#81 at 7.)  It asks that the Court enforce the settlement by entering an order that would trigger defendant's payment obligations while allowing the Mediation Terms to stand on their own, in effect voiding the Terms' requirement of a separate, formal agreement.

The Court's analysis is somewhat different from either party's.  On the one hand, it could be said that the defendant has not met its burden to show that a meeting of the minds occurred because defendant itself refuses to put the purportedly agreed-upon indemnity and stipulated judgment terms into a formal agreement.  Defendant does not deny that it attempted to materially change those terms in its drafts of the formal agreement. To the extent there was no meeting of the minds, then, there is no contract for this Court to enforce.

On the other hand, it appears that the parties did agree on essential terms (defendant does not now disavow them and rather claims that the Terms are "concise," #81 at 7), but that defendant simply refuses to memorialize those agreed-upon terms in the formal agreement.

4

Peculiarly, defendant wants to enforce the Mediation Terms as written, but it refused to sign plaintiff's proposed formal agreement, which recites those terms appropriately.  Again, defendant does not argue otherwise.  Defendant in fact contends that there was a meeting of the minds, but that both parties are in breach.  This Court disagrees that both parties are in breach under this analysis.  Plaintiff has shown itself willing to sign the required formal agreement pursuant to the Mediation Terms, but defendant has breached by not executing the required formal agreement that reflects the Mediation Terms.

So, at the end of this puzzling set of facts are two plausible conclusions, but both lead the Court to the same remedy.  Either there was no meeting of the minds and the contract is unenforceable, or there was a meeting of the minds and the defendant is in breach.  Either way, plaintiff's requested remedy — to deny the motion and move forward with the litigation — is proper.[1]

**III. Conclusion**

Defendant's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to enforce settlement (#73) is **DENIED**.

Dated this   26th   day of April, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Ironically, there is another possible remedy in view of defendant's breach, which is to enforce the settlement according to the Mediation Terms and order specific performance, requiring defendant to execute a formal agreement that properly reflects the Terms.  But that relief has not been requested by plaintiff.